**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RIZKY BHUDIANSYAH
CHRISTANTO,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 10-70515

Agency No. A099-402-616

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

    Rizky Bhudiansyah Christanto, a native and citizen of Indonesia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

Christanto has not overcome the presumption that the agency reviewed the country condition evidence in the record, so he fails to show a due process error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). To the extent Christanto contends the immigration judge erred by rejecting the additional country report, we lack jurisdiction to review that claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Christanto's due process claim fails.

Substantial evidence supports the agency's denial of CAT relief because Christanto failed to demonstrate it is more likely than not he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, we deny the petition with respect to CAT relief.

Christanto does not challenge the agency's determination that he failed to demonstrate past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-

60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  With respect to future persecution, the BIA did not have the benefit of our decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), when it declined to apply disfavored group analysis.  Accordingly, we grant the petition with respect to Christanto's asylum and withholding of removal claims and remand for the agency to consider them under a disfavored group analysis.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**